**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Phillip Coney, | No. CV 04-2417-PHX-EHC (MEA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Maricopa County Sheriff's Office, et al., | |
| Defendants. | |

This is a civil rights action filed by a former county jail inmate. The Court dismissed both Plaintiff's Complaint and First Amended Complaint for failure to state a claim. See Dkt. ## 4, 7. Both times, the Court provided detailed explanations of the deficiencies justifying dismissal. Presently pending is Plaintiff's Second Amended Complaint. The Court will dismiss the action for failure to state a claim because Plaintiff has again failed to cure the noted deficiencies.

**A.    Procedural Background.**

Plaintiff is a state prisoner but his action concerns events that occurred at the county jail. He twice suffered anaphylactic shock from being served food containing tomatoes, and he alleges that "medical" refused his requests for a diet free from tomatoes.

In his original Complaint, Plaintiff named the Maricopa County Sheriff's Office and the medical department. His action was dismissed because the Maricopa County Sheriff's Office is not an entity capable of being sued and because the medical department could not act with deliberate indifference. The Court described the standard for a claim against a

municipality or an official-capacity defendant and for a claim alleging deliberate indifference against individual persons.

In his First Amended Complaint, Plaintiff decided to sue Maricopa County Sheriff Joseph Arpaio solely in his official capacity. The Court dismissed the action because Plaintiff failed to allege that his injury occurred pursuant to a custom, policy, or practice. The Court described the standard for a claim against an individual-capacity defendant.

**B.     Plaintiff's Second Amended Complaint.**

Now, in his Second Amended Complaint, Plaintiff sues Maricopa County Sheriff Joseph Arpaio in his individual and official capacities. Plaintiff asserts that Arpaio has "the responsibility of operating jails and caring for prisoners" and that Plaintiff believes that he "failed in his duties as sheriff to see to my medical needs." (Sec. Am. Compl. at 3-4.)

Plaintiff has failed to heed the Court's descriptions of the legal standards in its earlier orders. For his official-capacity claim, Plaintiff has not asserted that his injury was the result of a custom, policy, or practice of the county in operating its jails. For his individual-capacity claim, Plaintiff has not alleged how Arpaio was personally involved in the decisions regarding his medical care. Defendant's position as a supervisor alone does not make him liable, as there must be allegations to show that Defendant participated in the violations, directed them, or knew of them and failed to act to prevent them. Specifically, there are no allegations to show that Defendant Arpaio knew that Plaintiff required a tomato-free diet, or that Defendant Arpaio in any way participated in the refusal to provide Plaintiff with a tomato-free diet. Instead, Plaintiff asserts that "medical" did not satisfy his requests and that his grievance reached the jail commander. Consequently, Plaintiff fails to state a claim.

Plaintiff has twice been permitted leave to amend his complaint. Both times he has failed to present allegations that meet the requisite legal standards, despite carefully explained orders regarding those standards. He will not be permitted an additional opportunity to amend. The Court will dismiss his action without prejudice.

**IT IS THEREFORE ORDERED that** the Second Amended Complaint (Dkt. #8) and this action are **dismissed** without prejudice for failure to state a claim.

DATED this 17th day of October, 2005.

*Earl H. Carroll*
Earl H. Carroll
United States District Judge